UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DANIELSEN,<br><br>                                  Plaintiff,<br><br>v.<br><br>MICHAEL SOLIZ,<br><br>                                 Defendant. | Case No.: 23cv1936-LL-DEB<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Plaintiff Maria Danielsen ("Plaintiff") filed a Complaint against Defendant Michael Soliz ("Defendant"). ECF No. 1. The Complaint is very brief and lists a claim for "Trespass [forgery] administrating property without right." *Id.* at 1. Plaintiff alleges Defendant trespassed on her property and "uttered a forged instrument" that interfered with Plaintiff's property. *Id.* Plaintiff provides no detail as to why subject matter jurisdiction is proper in this case. On November 3, 2023, the Court ordered Plaintiff to show cause why subject matter jurisdiction is proper and why the Complaint should not be dismissed for failure to state a claim. ECF No. 4. On December 15, 2023, Plaintiff filed a response. ECF No. 5, Response to Order to Show Cause ("Resp.").

**I.    SUBJECT MATTER JURISDICTION**

A court has an independent obligation to dismiss an action if it determines at any time that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The two basic

statutory grants of subject matter jurisdiction to federal courts are found in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal question" jurisdiction and is invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1332 provides for "diversity jurisdiction" and is invoked when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdiction amount, currently $75,000." *Id.*

Plaintiff states in her Response that "[s]ubject matter jurisdiction is proper because both prosecutor/Plaintiff and wrongdoer/defendant are U.S. citizens and the amount in controversy is $300,000.00." Resp. at 1. However, the Complaint does not present a federal question. Additionally, the Complaint does not present diversity jurisdiction. Plaintiff states the amount in controversy is $300,000.00, but Plaintiff does not state parties of diverse citizenship. *See Arbaugh*, 546 U.S. at 513; 28 U.S.C. § 1332. Therefore, Plaintiff fails to sufficiently establish subject matter jurisdiction.

## II.   FAILURE TO STATE A CLAIM

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" after first "giv[ing] notice of its sua sponte intention to invoke Rule 12(b)(6) and afford[ing] plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)"). In addition, conclusory statements that merely recite the elements of a claim are insufficient for the purpose of 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

The entirety of Plaintiff's Complaint is three bullet points which state: (1) "wrongdoer trespass upon property; (2) "wrongdoer uttered a forged instrument that interfered with [Plaintiff's] right to property"; and (3) "[t]he wrong, harm and trespass continues to this day." ECF No. 1 at 1, Complaint. In her Response, Plaintiff states that the Court should not dismiss her claim due to the wrongdoer placing "a lien against [Plaintiff's] property claiming a debt is owed and threatening to foreclose and sell [her] home." *Id.* Plaintiff's Complaint and Response are nothing more than recitations of vague elements and conclusory statements, with no supporting facts or allegations. Further, Plaintiff's Complaint is extremely brief and does not contain sufficient factual matter, and therefore fails to state a claim to relief under Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).

## III.  CONCLUSION

Given Plaintiff's inadequate response to the Court's Order to Show Cause, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. However, given Plaintiff's pro se status, Plaintiff may file an amended complaint that addresses the deficiencies noted in this Order by **February 22, 2024**. Plaintiff is cautioned that failure to file an amended complaint by this date may result in Plaintiff's case being dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 23, 2024

_____
Honorable Linda Lopez
United States District Judge